11 COOKS, Judge.
This matter arises from a two car collision which occurred on April 6, 1991. Daniel David Woods and his wife Kathy were traveling northbound on Highway 31 in a new Nissan when they attempted to make a left turn into a restaurant parking lot. As the Woods’ vehicle turned to the left on the two-lane highway, it was struck from the rear by a vehicle driven by Leroy Lewis. By written stipulation, all parties agreed the accident was caused solely by the fault Leroy Lewis.
The vehicle operated by Mr. Lewis was insured by American Surety and Fidelity Insurance Company (American Surety). The vehicle Daniel Woods was driving was owned by J.P. Thibodeaux, Inc. The underinsured motorist insurer for this vehicle was American Mutual Hardware Insurance Company (American Mutual). Subsequent to the accident, American Surety became insolvent and Louisiana Insurance Guaranty Association (LIGA) was substituted in its stead. As a result ofJjAmerican Surety’s insolvency, the underinsured motorist policy provided by *506 American Mutual became the primary liability coverage.
Daniel and Kathy Woods filed claims for personal injuries. The parties admit, however, that Daniel Woods’ injuries were relatively minor and the awards rendered to him are not in dispute. The focus of this appeal centers on the injuries sustained by Kathy Woods.
Following the accident Kathy Woods was treated at the Baton Rouge Medical Center. Approximately 11 days later, on April 17, 1991, Kathy visited Dr. James Fruge, an orthodontist, complaining of a temporoman-dibular joint (TMJ) condition. Dr. Fruge treated Kathy prior to the accident for TMJ problems. Her last treatment for the condition was in November, 1988. On the April 17, 1991 visit Kathy complained of dull, constant pain in both sides of her jaw, as well as a lack of mobility and pain on the right side. Dr. Fruge diagnosed that Kathy suffered from an anterior displaced disc on the right side. Dr. Fruge attempted a course of splint therapy to alleviate Kathy’s pain. Finding the splint therapy unsuccessful, Dr. Fruge recommended braces, jaw surgery and possibly joint surgery. The record shows Kathy did not return to Dr. Fruge for any treatment from September 1991 through January of 1994, with the exception of two visits in 1992, which were related to a different automobile accident. In January of 1994, defendant requested that Kathy see Dr. Jimmie Pierce, an orthodontist, for evaluation of her TMJ problems. After her visit with Dr. Pierce, Kathy called Dr. Fruge and expressed a willingness to undergo his recommended treatment which included braces and jaw surgery.
Dr. Fruge referred Kathy to Dr. Grady Hornsby, an oral maxillofacial surgeon, who concurred in Dr. Fruge’s surgery recommendations. Kathy agreed to the surgery which was scheduled for December 16, 1995. However, at the time ofjstrial, Kathy had not undergone surgery because the orthodontic treatment took “longer than expected.”
Relying on Dr. Pierce’s opinion that Kathy’s problems were periodontal in nature only and she simply sustained an aggravation of a preexisting TMJ condition, defendant denied her request for surgical intervention. The case was tried before a jury in December of 1995. The jury rendered the following awards to Kathy Woods:
a. Physical pain and suffering $ 5,000.00
b. Mental pain and suffering $ 2,500.00
c. Past medical expenses $ 6,893.47
d. Future medical expenses $25,000.00
Kathy Woods has appealed the jury’s quantum awards asserting the damages awarded for pain and suffering were unreasonably low, particularly considering the amount assigned for medical expenses. Defendant also appealed arguing “the jury erred in awarding future medical expenses and past medical expenses for orthodontic treatment as a result of the April 6, 1991 accident when recommendations for both treatment modalities preexisted said accident.”
ANALYSIS
Kathy Woods contends the $7,500 in damages awarded by the jury is woefully inadequate considering the medical expenses, past and future, exceed $30,000. In reviewing an award of general damages to determine whether it is inadequate or excessive, the appellate court must look at the individual circumstances of the case before it. Only after a close analysis of the facts reveals a clear abuse of discretion by the trier of fact may the award of damages be altered. Reck v. Stevens, 373 So.2d 498 (La.1979); Hefner v. B.J. McAdams, Inc., 487 So.2d 505 (La.App. 3 Cir.1986). Examination of the record convinces us the jury abused its discretion in this case.
QThe jury awarded plaintiff $25,000 for future medical expenses. The award of future medical expenses corresponds to the cost range detailed by Dr. Hornsby. The jury accepted as warranted the treatment recommended by Dr. Fruge and Dr. Horns-by, including the surgeries, and concluded her claimed injury was caused by the accident, though she admittedly suffered from a prior TMJ condition.
Despite this, defendants argued the jury erred in awarding future medical expenses and past medical expenses for orthodontic treatment because recommendations for- *507 treatment preexisted the April 6, 1991 accident. We disagree. While Dr. Fruge did testify he recommended the possibility of jaw surgery as early as 1988, he maintained the problems he treated Kathy for after the accident were different from those she suffered from prior to the accident. He also noted the necessity of joint surgery was not considered during the pre-accident treatment period. Further, Dr. Fruge testified splint therapy alleviated Kathy’s pain prior to the accident, but such therapy was unsuccessful after the accident.
We note defendant’s admit Kathy’s pre-existing TMJ condition was aggravated by the accident. The jurisprudence is clear a tortfeasor takes his victim as he finds him and is responsible for all the natural and probable consequences of his tortious conduct. Where a pre-existing injury or condition exists, a defendant must compensate the victim for the full extent of the aggravation to that condition. Miley v. Landry, 582 So.2d 833 (La.1991); Broussard v. Domingue, 619 So.2d 143 (La.App. 3 Cir.1993). The jury did not err in awarding past and future medical expenses.
We do, however, find the jury abused its vast discretion in awarding Kathy only the $7,500.00 as general damages for physical and mental pain and suffering. According to Dr. Fruge, Kathy sustained an anterior displaced disc, which [ sis accompanied by constant pain in both sides of her jaw. In Dr. Fruge’s and Dr. Hornsby’s opinions jaw and probably joint surgery are required to alleviate Kathy’s pain. Before surgery is feasible Kathy must complete an orthodontic regiment of treatment. The treatment has taken “longer than expected.” The jaw surgery requires wiring together segments of the patient’s mouth. Kathy’s mouth must be wired shut for six to eight weeks. During this period she will be placed on a soft diet of pureed food which can only be ingested through a straw. Joint surgery requires a 24 to 36 hour hospital stay; and Kathy will bear a slight seal’ in front of her ear for life at the incision point. After joint surgery, Kathy will be placed on a soft, non-chewing diet for nine months to one year. The $7,500 general damages award is certainly not adequate to compensate Kathy Woods for the pain and suffering which she has and will endure.
What is the lowest reasonable award plaintiff is entitled to recover under the circumstances? Reck v. Stevens, 373 So.2d 498. “When there is a legal right to recover damages but the amount cannot be exactly estimated, the courts have reasonable discretion to assess damages based upon all the facts and circumstances of the particular case.” Moore v. Thornwell Warehouse Ass’n, 524 So.2d 828 (La.App. 3 Cir.1988). See also La.Civ.Code art.1999. We find the lowest amount reasonably due Kathy for general damages under the circumstances is $60,-000.00.
DECREE
For the foregoing reasons, the general damages awarded by the jury is amended and increased to $60,000.00. All other aspects of the jury’s verdict are affirmed. All costs of this appeal are assessed to defendants.
AFFIRMED, AS AMENDED.